UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61854-CIV-DIMITROULEAS

Dr. Christine Runyan,

     Plaintiff,

vs.

Tend Healthcare, LLC,

     Defendant,

_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE;
OVERRULING OBJECTIONS; GRANTING DEFENDANT'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**

THIS CAUSE is before the Court upon Defendant Tend Healthcare, LLC

("Defendant")'s Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative to

Compel Arbitration and Stay Proceedings (the "Motion") [DE 10] and the April 28, 2026 Report

and Recommendation of Magistrate Judge Patrick M. Hunt (the "Report") [DE 20]. The Court

has conducted a *de novo* review of the Report [DE 20], Plaintiff Dr. Christine Runyan

("Plaintiff")'s Objection to Report and Recommendation and Motion to Transfer Venue [DE 21],

Defendant's Response to Plaintiff's Objections to the Report and Recommendation [DE 22],

Plaintiff's Reply in Support of Objection and Motion to Transfer Venue in Response to

Magistrate's Report and Recommendation [DE 24], and is otherwise fully advised in the

premises.

A party seeking to challenge the findings in a report and recommendation of a United

States Magistrate Judge must file "written objections which shall specifically identify the

portions of the proposed findings and recommendation to which objection is made and the

specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and Plaintiff's Objection to Magistrate Judge's Report and Recommendation.

The Court agrees with the Magistrate Judge's conclusions in the Report that the Court lacks personal jurisdiction over Defendant in this action. Under Federal Rule of Civil Procedure 12(b)(2), "[a] court must dismiss an action against a defendant over which it has no personal jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1323–24 (M.D. Fla. 2011). Here, it is undisputed that personal jurisdiction is lacking. Plaintiff states in her Objection that "Dr. Runyan does not object to the R&R's finding concerning the lack of personal jurisdiction, but Dr. Runyan objects to the recommendation that the case be dismissed. Instead of dismissal, the more appropriate remedy should be to transfer the action to the United States District Court for the District of Oregon where Tend has its principal place of business in Portland, Oregon." *See* [DE 21] at p. 2.

Plaintiff's Objection is overruled. First, the Court notes that Plaintiff did not present her suggested alternative request for transfer in response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, and instead waited to make this argument in the first instance after the

Magistrate Judge issued his Report and Recommendation recommending dismissal for lack of personal jurisdiction. Moreover, the Court does not find a venue transfer to the District of Oregon, as suggested by Plaintiff as an alternative to a Rule 12(b)(2) dismissal, to be an appropriate and equitable remedy. It is highly uncertain whether the District of Oregon is an appropriate transferee forum, or whether the action would be dismissed or transferred yet again if this Court sent this case there. *See* [DE 22] (arguing that Oregon is an improper transferee forum and suggesting that if the Court does not dismiss outright for lack of personal jurisdiction it should transfer to the District of Delaware).  Accordingly, the Court, in its discretion, declines to transfer the case. *See Roofing Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982). ("The decision whether to transfer a case is left to the sound discretion of the district court.").

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 20] is hereby **APPROVED**;

2. Plaintiff's Objection and Motion to Transfer [DE 21] is **OVERRULED**;

3. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative to Compel Arbitration and Stay Proceedings [DE 10] is **GRANTED IN PART,** as to the issue of dismissal for lack of personal jurisdiction;

4. The Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

5. The Clerk is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 3rd day of June, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Hunt